UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Racing Services, Inc.,                                     Bankruptcy No. 04-30236
                                                                         Chapter 7
                Debtor.
_____/

PW Enterprises, Inc., a Nevada
corporation,

                Plaintiff,

                v.                                                  Adv. No. 06-7020

State of North Dakota, a governmental
entity; North Dakota Racing Commission,
a regulatory agency; North Dakota
Breeders Fund, a special fund; North
Dakota Purse Fund, a special fund; and
North Dakota Promotions Fund, a
special fund,

                Defendants.
_____/

**MEMORANDUM AND ORDER**

This matter is before the Court on remand from the Eighth Circuit Court of Appeals. Plaintiff PW Enterprises, Inc. ("PWE") appealed an Order from this Court filed August 7, 2006, denying PWE's motion for standing to prosecute claims against Defendants State of North Dakota, North Dakota Racing Commission, North Dakota Breeders Fund, North Dakota Purse Fund and North Dakota Promotions Fund (collectively, "the State"). The Court concluded that PWE did not have standing to pursue an adversary action against the State because PWE failed to establish that the chapter 7 trustee assigned to the case abused his discretion or acted unjustifiably by failing to

pursue the avoidance claims. The Court did not address PWE's contention that a creditor may proceed derivatively if the trustee consents to, or does not oppose, the action.

The Bankruptcy Appellate Panel for the Eighth Circuit ("BAP") affirmed the Court's decision denying PWE's motion. The BAP did not resolve the issue of whether derivative standing is appropriate when a trustee consents. Rather, the BAP concluded that the bankruptcy court properly denied PWE derivative standing because PWE did not first seek permission from this Court to file its complaint.

The Eighth Circuit Court of Appeals held that a creditor may obtain derivative standing to pursue avoidance actions under circumstances where the trustee either unjustifiably refuses to bring the creditor's proposed claims or consents to the creditor pursuing such claims in his stead. The Eighth Circuit also held that a creditor may be retroactively granted derivative standing, and reversed and remanded the case for further proceedings. The Eighth Circuit instructed the Court to determine whether PWE should be granted retroactive standing to proceed derivatively applying the test delineated in its August 29, 2008, opinion. A hearing was held on October 14, 2008.

At the hearing, PWE confirmed that it would pay litigation expenses on behalf of the bankruptcy estate in order to pursue its claims. PWE argued that if successful on its claims, the facts of this case and interpretation of case law will demonstrate that the State is an insider, and the bankruptcy estate has the potential to recover two million dollars. The trustee agreed that if PWE's factual allegations and interpretation of the law are correct, the estate may realize a substantial recovery.

In its August 29, 2008, opinion, the Eighth Circuit adopted a test for determining whether a creditor may obtain derivative standing. To establish derivative standing, the Eighth Circuit held that a creditor must show:

1.  it petitioned the trustee to bring the claims and the trustee refused;
2.  its claims are colorable;
3.  it sought permission from the bankruptcy court to initiate an adversary proceeding; and
4.  (A)  the trustee unjustifiably refused to pursue the claims
    or
    (B)  (1)  the creditor has the consent of the debtor in possession or trustee, and
         (2)  the bankruptcy court finds that suit by the creditor is
              (a)  in the best interest of the bankruptcy estate, and
              (b)  necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings.

The Eighth Circuit instructed this Court to begin its analysis at 4(B) of the above standard. The Eighth Circuit deemed a creditor to have obtained the trustee's consent in cases where the trustee does not formally oppose a creditor's suit. As recognized by the Eighth Circuit's opinion and confirmed by the parties during the October 14, 2008, hearing, the trustee does not object to PWE pursuing derivative standing. Since the trustee does not object to PWE pursuing derivative standing, consent by the trustee has been established.

The Eighth Circuit emphasized that a creditor will typically face a comparatively greater burden to establish derivative standing when the trustee consents. In the next sentence, however, the Eighth Circuit stated, "This is not to say the creditor's evidentiary burden differs between contexts." Further, the Eighth Circuit stated that "a bankruptcy court has the same obligation to carefully scrutinize a creditor's request and satisfy itself that derivative standing is proper under the circumstances."

3

Next, the Court considers whether the suit by PWE is in the best interest of the bankruptcy estate. As stated by the Eighth Circuit, this Court need not undertake a mini-trial to make this determination (citing In re STN Enters., 779 F.2d at 905-906). The Eighth Circuit also noted that bankruptcy courts should employ a cost-benefit analysis.

At the October 14, 2008, hearing, PWE confirmed that it would cover the litigation costs on behalf of the bankruptcy estate in order to pursue its claims. Further, PWE suggested that if successful on its claims, the bankruptcy estate has the potential to recover two million dollars. The trustee agreed that if PWE's factual allegations and legal interpretations are correct, the estate may realize a substantial recovery. In this case, initiating and continuing litigation does not impose a net burden on the bankruptcy estate because PWE has agreed to cover the estate's litigation expenses and there is the possibility of a substantial recovery by the estate. It is in the best interest of the estate to allow PWE to assert its claims.

Finally, this Court considers whether derivative standing is necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings. PWE argued that derivative standing is necessary for the fair resolution of this case because the outcome may result in a substantial return to creditors. PWE also argued that it would not be fair to allow some claims go forward and not others. The Eighth Circuit does not define "necessary and beneficial" nor give guidance as to its application. The only analysis provided by the Eighth Circuit is that "not every 'beneficial' action is 'necessary' for a given proceeding." As previously stated, there is a possibility of a substantial benefit to the estate. This bankruptcy case is still open and the trustee is still pursuing claims on behalf of the estate; allowing PWE's action would not delay distribution to creditors. Moreover, since it necessary for this Court to determine which creditors are entitled to recover under the law, it is fair for all creditors' colorable claims to be heard. For these

reasons, Derivative standing is necessary and beneficial to the fair and efficient resolution of these proceedings.

Lastly, the Eighth Circuit stated in a footnote that a creditor must provide competent evidence such as affidavits or testimony in cases where a creditor alleges that the trustee unjustifiably refuses to pursue the creditor's claims. The State argued that PWE had the burden of providing competent evidence and failed to provide any evidence at the hearing in the form of affidavits or testimony to support its request for derivative standing. However, the Eighth Circuit clearly stated that the case at hand does not involve a trustee's unjustifiable refusal to pursue the claims but rather, a trustee who does not object to a creditor's pursuit of derivative standing. Therefore, the footnote reference to specific competent evidence is not applicable here.

In this case, the Court finds that the trustee has consented to derivative standing. Derivative standing is in the best interest of the bankruptcy estate, and is necessary and beneficial to the fair and efficient resolution of these proceedings. This Court is satisfied that derivative standing is proper under the circumstances of this case.

Based on the foregoing, PWE is GRANTED derivative standing to pursue its claims.

**SO ORDERED.**

Dated this November 5, 2008.

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**